UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 09-379 |
| WENDELL SHELBY | SECTION: "J"(3) |

**ORDER AND REASONS**

Defendant Wendell Shelby filed a **Motion to Dismiss the Indictment (Rec. Doc. 26).** The United States filed a **Response (Rec. Doc. 33).**

**PROCEDURAL HISTORY AND BACKGROUND FACTS:**

On November 12, 2009, DEA and task force agents executed a search warrant at a residence in Larose, Louisiana. As the agents were attempting to enter the residence, they heard the sound of a toilet flushing. Once inside, the agents arrested Defendant Wendell Shelby, along with two other men. During the search of the septic tank, two bags of suspected crack cocaine were recovered.

According to the Lafourche Parish Drug Task Force report, the two plastic baggies of suspected crack cocaine, which had been recovered by Sergeant Champagne, were weighed by Agent Adam

Dufrene while still wet. The two baggies weighed approximately 43.3gg on November 12, 2009. The suspected narcotics were later taken into custody by Lieutenant Champagne. On November 23, 2009, TFA Josh Champagne signed the four documents entitled Report of Drug Property Collected, Purchased, or Seized. The report reflects only that the above described 43.3 grams of cocaine base crack was recovered from the septic tank on November 12, 2009. This drug increased in weight to 67.6gg and then again to 90.5gg. No mention is made of two plastic baggies.

**THE PARTIES' ARGUMENTS:**

Defendant argues that Rule 901(a) of the Federal Rules of Evidence requires the Government to make a *prima facie* authentication of the evidence that corresponds to the four counts of the indictment. Defendant requests that his indictment be dismissed for failure on the part of the Government to make a *prima facie* showing of the authentication of the evidence collected during its investigation and seized during the execution of a search warrant. Defendant alleges that the preliminary weights of the various pieces of evidence collected by the agents for general identification purposes are inexact and quite possibly incorrect and that a missing bag of suspected narcotics is problematic. A question arises as to possible contamination or exchange of the evidence seized from the septic

2

tank. At any rate, the possibilities of error or mishandling of the evidence loom large. If the evidence was tampered with, it has lost its integrity. The chain of custody appears to have been broken, rendering it unreliable. Further, if the two baggies contained different substances, the combining of the contents would then create a much larger mixture containing a detectable amount of the higher penalized substance. Defendant asserts that the Government will not be able to make a prima facie showing of the authenticity of the evidence. Therefore, the indictment must be dismissed.

The United States argues that the indictment in the instant matter is legally sufficient and, as such, should not be dismissed. The indictment provides the Defendant with a written statement of the essential facts constituting the offenses that he has been charged with; alleges all of the elements of the offense; allows him to prepare his defense; and protects him against double jeopardy. Defense counsel's motion to dismiss this indictment attempts to challenge the reliability or competency of the evidence, which is an issue for the ultimate finder of fact to consider. Accordingly, the Government argues that the motion to dismiss the indictment should be denied.

**DISCUSSION:**

An indictment must be a "plain, concise, and definite

written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). There are "two constitutional requirements for an indictment: 'first, [that it] contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, [that it] enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" United States v Resendiz-Ponce, 549 U.S. 102, 108 (2007) (quoting Hamling v. United States, 418 U.S. 87, 117 (1974)). In the Fifth Circuit, "'[t]he propriety of granting a motion to dismiss an indictment under [Fed. R. Crim. P.] 12 by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact.'" United States v. Flores, 404 F.3d 320, 324 (5th Cir. 2005) (quoting United States v. Korn, 557 F.2d 1089, 1090 (5th Cir. 1977)). If the motion to dismiss an indictment brings up a question of law, then consideration of the motion is generally proper. Id. According to a number of other circuits, however, "a district court may make preliminary findings of facts necessary to decide the questions of law presented by pre-trial motions so long as the court's findings on the motion do not invade the province of the ultimate finder of fact." Id., n.6 (quoting United States v. Shortt Accountancy Corp., 785 F.2d 1448, 1452

(9th Cir. 1986)); see United States v. Coia, 719 F.2d 1120, 1123 (11th Cir. 1983); United States v. Jones, 542 F.2d 661, 664 (6th Cir. 1976).

Furthermore, the Supreme Court previously stated that "'[i]t would run counter to the whole history of the grand jury institution' to permit an indictment to be challenged 'on the ground that there was inadequate or incompetent evidence before the grand jury.'" United States v. Williams, 504 U.S. 36, 54 (1992) (citing Costello v. United States, 350 U.S. 359, 364 (U.S. 1956)). The mere allegation that "evidence itself is unreliable is not sufficient to require a dismissal of the indictment." Williams, 504 U.S. at 54 (citing Bank of Nova Scotia v. United States, 487 U.S. 250, 261 (1988)). "[A] challenge to the reliability or competence of the evidence presented to the grand jury will not be heard." Id.; United States v. Strouse, 286 F.3d 767, 773 (5th Cir. 2002). Thus, a defense that relates to the strength of the Government's evidence must wait for the trial. See Costello, 350 U.S. 359, 363-64 (1956); United States v. Mann, 517 F.2d 259, 267 (5th Cir. 1975).

The law is clear that the issue of admissibility of the evidence must be raised at trial and does not entitle Defendant to dismissal of the indictment. This Court agrees with the

Government that Defendant's indictment is legally sufficient. The weight and reliability of the evidence offered by the Government must be resolved by the trier of fact.

For the foregoing reasons, it is **ORDERED** that Defendant's **Motion to Dismiss the Indictment (Rec. Doc. 26) is DENIED**.

New Orleans, Louisiana this the 11th day of August, 2010.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE